# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

LEONARD JONES,           )
                                        )
           Petitioner,        )
                                         )
      v.                     )     2:09-cr-00068-GZS
                                         )     2:13-cv-00370-GZS
                                         )
UNITED STATES OF AMERICA,  )
                                         )
          Respondent.      )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION AND MOTION FOR DISCOVERY

In this action, Petitioner Leonard Jones[1] moves to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 136.)[2] In addition, his latest discovery motion is pending. (ECF No. 163.)

Following a three-day jury trial, Petitioner was convicted of conspiring to possess with intent to distribute 50 grams or more of cocaine base, and an unstated amount of cocaine and ecstasy (21 U.S.C. §§ 841(a), 846). The Court sentenced Petitioner to life in prison under statutorily enhanced penalty provisions (21 U.S.C. § 841(b)(1)(A)) based on his prior state drug possession convictions. *United States v. Jones*, 674 F.3d 88, 90 (1st Cir. 2012). The First Circuit Court of Appeals upheld the conviction and the sentence. *Id*. at 90, 97.

In his section 2255 motion, Petitioner raises at least 19 separate grounds for relief, including his contention that the conviction violates *Alleyne v. United States*, 133 S. Ct. 2151

---

[1] Leonard Jones is also known as Tony, Shy, Shyheem, and Anthony James. (Judgment, ECF No. 111 at 1.)

[2] Petitioner has submitted a number of attachments to his 28 U.S.C. § 2255 motion. (Attachments, ECF No. 136-1 through 136-22.) Most of the attachments elaborate on the various grounds asserted in the motion, and both the motion and the attachments are referred to here as the "motion" or the "section 2255 motion."

(2013); that the indictment and verdict were obtained with perjured testimony; that Petitioner received ineffective assistance of counsel from both trial counsel and appellate counsel; and that the trial court abused its discretion. The Government requests summary dismissal. (Response, ECF No. 151.) The recommendation is that the Court deny Petitioner the relief that he seeks, dismiss Petitioner's section 2255 motion, and dismiss Petitioner's pending motion for discovery as moot.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was indicted in May 2009 on one count for conspiring to distribute and to possess with intent to distribute (1) fifty grams or more of a mixture or substance containing cocaine base, which is also known as crack cocaine; (2) an unstated quantity of a mixture or substance containing cocaine, which is also known as powder cocaine; and (3) an unstated quantity of a mixture or substance containing 3, 4 methylenedioxymethamphetamine (MDMA), which is also known as ecstasy. (Indictment, ECF No. 3.) The indictment alleged that the penalty provisions of 21 U.S.C. § 841(b)(1)(A) applied.[3]

The trial was held in April 2010. (Trial Tr., ECF Nos. 115, 116, 117.) On the first day of the trial, the Government filed an information to establish the prior convictions on which the Government relied in seeking the imposition of enhanced penalties, pursuant to 21 U.S.C. § 851. *Jones*, 674 F.3d at 90. (Information, ECF No. 82.)[4]

---

[3] Title 21 U.S.C. § 841(b)(1)(A) provides in relevant part: "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . ."

[4] Petitioner and defense counsel signed a consent to a belated filing, *i.e.*, after jury selection, of the Government's notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851. (Letter Agreement, ECF No. 151-2 at 5-6.) Counsel also addressed the issue in a telephone conference just prior to trial. (ECF No. 123 at 10-11.) According to the letter agreement, the filing was delayed at the request of defense counsel in order to discuss a possible negotiated plea.

The trial evidence included the testimony of five co-conspirators, all of whom had entered into agreements for reduced sentences in exchange for their testimony against Petitioner. *Jones*, 674 F.3d at 90. The co-conspirators testified that Petitioner traveled between Georgia and Maine approximately ten times between 2005 and 2008 to sell drugs. *Id.* According to the witnesses, Petitioner usually stayed in Maine for several days at a time when he made the trips. On one occasion when he was in Maine in 2006, Petitioner was arrested after a routine traffic stop revealed that he had several cell phones in his car, $100 in his hat, $1,000 in one pocket, $535 in another pocket, and $750 in a sock. *Id.*[5]

In 2008, "when federal agents began speaking with several of Jones' contacts, Jones directed one of his co-conspirators—a recording of the call was offered at trial—to find out who was cooperating and to 'go guns their ass out.'" *Id.* at 90-91. Petitioner testified at trial "that his visits to Maine were prompted by social relationships; that his income was derived from a car wash business and dog breeding in Georgia; and that his rental in late 2007 of an apartment in Maine was aimed at bringing a lady friend to live in Maine." *Id.* at 91. Petitioner's counsel attempted to impeach the testimony of the co-conspirators by calling two federal agents to explore their involvement with the co-conspirators. *Id.*

After deliberating for approximately five hours, the jury returned a guilty verdict. *Id.* At sentencing, Petitioner admitted the predicate convictions as alleged in the information filed by the Government. (Sentencing Tr., ECF No. 118 at 5.) Petitioner's prior drug felony record consisted of three state court convictions in Georgia, in 1999 and 2001, for possession of cocaine and more

---

[5] The Government represented at trial that Petitioner was arrested in June 2006 for operating after suspension. (Trial Tr., ECF No. 115 at 10.)

than one ounce of marijuana.[6] In July 2010, Petitioner was sentenced to life imprisonment, which "the judge found to be required in light of the prior drug felonies established at sentencing and the enhanced penalty provision invoked by the government." *Jones*, 674 F.3d at 91. (Sentencing Tr. at 13.)

On appeal, the First Circuit rejected each of Petitioner's five challenges to the conviction. The Court rejected Petitioner's challenge to the sufficiency of the evidence, noting that the record revealed "the classic model of the hub-and-spoke conspiracy, and, although the present facts are not the most powerful example one can imagine for the single conspiracy finding, this is a factual issue left to the jury in close cases." *Id.* at 92 (citing *United States v. Niemi*, 579 F.3d 123, 127 (1st Cir. 2009)). As to Petitioner's four other arguments regarding the conviction, the Court concluded that (1) none of the prosecutor's statements in closing argument constituted error; (2) the judge did not err in instructing the jury on the meaning of reasonable doubt; (3) Petitioner's absence from a conference between counsel and the judge regarding a jury re-instruction and the materials that the jury may consult was not error; and (4) the trial court did not abuse its discretion when it declined to order a post-trial hearing regarding possible juror bias after the prosecution informed the Court that a juror had made a post-verdict phone call to a police officer and communicated about the witnesses in the case. *Id.* at 92-95.

Petitioner also appealed the sentence. In response to Petitioner's arguments, the First Circuit held that (1) Petitioner explicitly waived any objection to the time of the filing of the

---

[6] According to the Information, judgment was entered in Clayton Superior Court, Clayton County, Georgia, for the following drug felonies: (1) possession of cocaine (Docket No. 99 CR 107-8, Jan. 13, 1999); (2) possession of cocaine and possession of more than one ounce of marijuana (Docket No. 99 CR 1062-8, Aug. 18, 1999); and (3) possession of more than one ounce of marijuana (Docket No. 2001 CR 1912-8, Dec. 21, 2001). (Information, ECF No. 82.)

information containing the prior drug convictions; and (2) the sentence of life imprisonment did not violate the Eighth Amendment. The Court observed:

> Taken by itself, a life sentence for a 30 year old defendant, based on a first time drug distribution conviction, looks on its face like a very severe sentence. We are prepared to assume that−despite the criminal history including possession offenses−the district judge might have given a lesser sentence absent the mandatory minimum even though the guideline range as computed was 30 years to life.

*Id.* at 95-96. The Court held that the life sentence did not violate the Eighth Amendment for two reasons. First, the Supreme Court has upheld life sentences "that look equivalently severe." *Id.* at 96 (citing, *inter alia*, *Harmelin v. Michigan*, 501 U.S. 957 (1991)). Although the Supreme Court has held that a life sentence without parole for non-homicide offenses, if imposed upon a juvenile, violates the Eighth Amendment, in this case, Petitioner was "not close to being a juvenile" at the time of the offense for which he was being sentenced. *Id.*[7] Second, the facts of the case reflected that Petitioner's crime was serious. That is, Petitioner ran "a significant distribution network involving a number of people over several years, possessed guns in connection with this continuing crime, seemingly was prepared to murder informants, and had enough prior convictions to place him in the top criminal history bracket." *Id.* at 96. The crime also involved a large quantity of drugs. *Id.*[8] The Supreme Court denied Petitioner's petition for a writ of certiorari. *Jones v. United States*, 133 S. Ct. 363 (Oct. 1, 2012).

---

[7] As the Court noted, Petitioner was a juvenile at the time of the prior possession offences. *Jones*, 674 F.3d at 96.

[8] The quantity of drugs that Petitioner distributed "exceeded the highest of the several statutory thresholds." *Id.* The Court acknowledged that this would have been the case even if the new, higher crack cocaine quantity thresholds that became law under the Fair Sentencing Act of 2010, Pub. L. 111-220 §2(a), 124 Stat. 2372 (effective Aug. 3, 2010), had applied retroactively to Petitioner's July 21, 2010, sentencing. *Id.* at 96 & n.3 (citing *United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011)) (noting that the Court held in *Douglas* that the "Fair Sentencing Act applies to a defendant who pleaded guilty prior to enactment but was sentenced afterwards").

Petitioner signed his section 2255 motion and placed it in the prison mailing system on September 25, 2013, and it was filed on October 1, 2013. (Petition at 28.) Petitioner filed a motion to hold his section 2255 motion in abeyance pending certain federal sentencing legislation; the Court denied that motion. (Motion, ECF No. 153; Order, ECF No. 155.)

Petitioner has filed several discovery requests. (Motions, ECF Nos. 132, 149, 152, 160, 163.)[9] The first motion was denied because no section 2255 motion had been filed. (Order, ECF No. 133.) The next two were denied without prejudice. (Orders, ECF Nos. 150, 154.) This Court granted the third motion in part, giving Petitioner access to the grand jury transcript. (Order, ECF No. 161.) In addition, the Court allowed Petitioner to supplement his opposition to the Government's motion to dismiss the petition, after he reviewed the grand jury transcript. (*Id.* at 2.)

Petitioner subsequently filed his latest discovery motion, through which Petitioner requests the exhibits to the grand jury proceedings or, at a minimum, an inventory describing the contents of the grand jury exhibits. (Discovery Motion, ECF No. 163.) The Government opposes the motion because Petitioner seeks discovery that is not required under the Jencks Act, 18 U.S.C. § 3500(b), *Brady v. Maryland*, 373 U.S. 83 (1963), or Fed. R. Crim. Proc. 16. (Response, ECF No. 169.)[10]

Petitioner requested and received an extension to file his supplemental memorandum. He filed the memorandum in July 2014. (Order, ECF No. 167; Supplemental Memorandum, ECF No. 170.) Petitioner argues that either the conviction must be vacated or he must be resentenced

---

[9] In addition, Ground Two of the pending section 2255 motion is a request for discovery. (Petition at 9.)

[10] The Government attached to its response a redacted version of grand jury exhibit 63, and it represented that all documents that were required to be disclosed have been disclosed, some more than once. (Response at 4; Attachment, ECF No. 169-1.)

because the jury did not find the drug weight of the cocaine or ecstasy alleged in the indictment, and its finding of "50 grams or more" of crack cocaine, as alleged in the indictment, was inexact and, therefore, insufficient under *Alleyne*. (Supplemental Memorandum at 2.) Petitioner also argues that because his appeal was pending on the effective date of the Fair Sentencing Act of 2010, the Act applies to his case, and he must be retried or at least resentenced. (*Id.* at 5.)

On November 6, 2014, Petitioner filed an additional "supplemental brief" without leave of the Court. (ECF No. 171.) That filing does not contain any new claims.

## II. DISCUSSION

### A. Standard of Review

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). A section 2255 petitioner has the burden to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A habeas petition is not a substitute for an appeal. *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can

demonstrate cause for the failure and prejudice or actual innocence." *Id.* at 127-28.[11] Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). A nonconstitutional issue that is procedurally defaulted because it was not raised on appeal "'may not be asserted by collateral attack under § 2255 absent exceptional circumstances.'" *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013) (quoting *Knight*, 37 F.3d at 772).

To succeed on an ineffective assistance of counsel claim, a petitioner "must establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The two prongs of the ineffective assistance test are commonly referred to as the "cause" and "actual prejudice" tests. *Bucci v. United States*, 662 F.3d 18, 29 (1st Cir. 2011). A district court reviewing such claims need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697.

As for the "cause" test, the court must be "'fairly tolerant'" of counsel's performance because the Constitution does not guarantee a perfect defense. *Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)). The issue is whether counsel's performance was "'within the wide range of reasonable professional assistance' that a competent criminal defense counsel could provide under 'prevailing professional norms.'" *Bucci*, 662 F.3d at 30 (quoting *Strickland*, 466 U.S. at 688-89). "Judicial scrutiny of the

---

[11] "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States,* 538 U.S. 500, 504 (2003).

defense counsel's performance is 'highly deferential,' and the defendant must overcome a 'strong presumption . . . that, under the circumstances, the challenged action "might be considered sound trial strategy."'" *Id.* (quoting *Strickland*, 466 U.S. at 689).

The "actual prejudice" test requires a showing "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The court must consider "the totality of the evidence before the judge or jury" when measuring the prejudicial effect. *Stephens v. Hall*, 294 F.3d 210, 218 (1st Cir. 2002). Factors that are commonly considered include the strength of the prosecution's case, the effectiveness of the defense presented at trial, and the potential for new evidence and new avenues for cross-examination to undermine the credibility of Government witnesses. *Turner*, 699 F.3d at 584.

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)). In determining whether an evidentiary hearing is required, the court must "take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" *Owens v. United States*, 483 F.3d 48, 56 (1st Cir. 2007) (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002)). Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

**B. Grounds Asserted and Analysis[12]**

**1. Claim of Jury Trial Right Under *Alleyne*
(Ground One)**

Petitioner argues that based on the Supreme Court case of *Alleyne*, the Court should vacate his sentence and resentence him under a Fair Sentencing Act of 2010 amendment that was effective just after he was sentenced. (Motion at 7; Attachment, ECF No. 136-1; Reply, ECF No. 157 at 2, 4-5.) In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory *minimum* [sentence] is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155 (emphasis added). The holding in *Alleyne* is recognized as an extension of the Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As the plurality explained in *Alleyne*, the Supreme Court held in *Apprendi* that "any fact that increased the prescribed statutory *maximum* sentence must be an 'element' of the offense to be found by the jury." *Alleyne*, 133 S.Ct. at 2157 (emphasis added) (citing *Apprendi*, 530 U.S. at 483, n. 10, 490).

Petitioner's argument does not present an *Alleyne* issue as to either the drug quantity or the prior convictions. The jury, not the sentencing court, found the drug quantity on which the

---

[12] Petitioner raised a preliminary question in his reply as to whether his defense counsel, rather than the Government, should respond to his claims of ineffective assistance of counsel. (Reply, ECF No. 157 at 7.) An attorney whose performance is the subject of a collateral attack on a criminal conviction is not the proper respondent. A motion filed pursuant to 28 U.S.C. §2255 is not an action brought against the attorney. Instead, the claim is one in which the Petitioner asserts a right to be released from custody. The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Although Petitioner's claim may be grounded in allegations of ineffective assistance of counsel, the claim is actually a constitutional challenge – that his Sixth Amendment right to counsel was violated – and, based on that alleged violation, Petitioner requests release from Government custody. The Government thus is the appropriate party to respond to the petition.

sentence was based.[13]  In addition, Petitioner admitted to the predicate convictions.  Even if he had not admitted the convictions, the Court was not required to submit the prior convictions to the jury.  *See United States v. Paladin*, 748 F.3d 438, 451-52 (1st Cir. 2014) (citing *Alleyne*, 133 S. Ct. at 2160 n.1) (holding that "a defendant's prior convictions need not be submitted to the jury even where those convictions form the basis for an increased sentence").[14]

## 2. Claim That the Verdict Was Based on Perjured Testimony (Ground Two)

In his motion, Petitioner argued that both the indictment and the jury verdict were obtained through perjured testimony, and that he needed access to the grand jury transcript to support the claim.  (Motion at 8-9; Motion for Discovery, ECF No. 152 at 2.)  In accordance with this Court's order, Petitioner has had access to the grand jury transcript.  In fact, he references the grand jury testimony in the pending motion for discovery.  Petitioner, however, has not provided facts to substantiate the claim of perjured testimony, despite the fact that he had access to the grand jury testimony and the opportunity to supplement his argument.[15]  Petitioner's claim, therefore, fails.

---

[13] The fact that the statutory threshold drug quantity required for a life sentence was increased under the Fair Sentencing Act of 2010 does not alter the analysis under *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  When Petitioner was sentenced on July 21, 2010, the penalty statute, 21 U.S.C. § 841(b)(1)(A), provided that an offense involving fifty grams or more of cocaine base resulted in a mandatory life sentence if the offender had two prior felony drug convictions.  As the First Circuit held in Petitioner's appeal, the Fair Sentencing Act of 2010 (FSA), P.L. 111–220, § 2(a), 124 Stat. 2372, was amended, effective August 3, 2010, to increase the drug quantity that triggered a mandatory life sentence from fifty grams or more to 280 grams or more.  *See Jones*, 674 F.3d at 96 & n.3.  However, because the August 3, 2010, effective date came after Petitioner's July 21, 2010, sentencing, the amended statute does not apply.  *Id.*  The First Circuit has since noted: "Whether a defendant is subject to pre- or post-FSA penalties depends on the date of sentencing: defendants sentenced before the FSA's effective date of August 3, 2010 are subject to pre-FSA penalties, while those sentenced afterward are subject to post-FSA penalties."  *United States v. Ramírez-Negrón*, 751 F.3d 42, 50 n.5 (1st Cir. 2014) (citing *Dorsey v. United States*, --- U.S. ---, ---, 132 S. Ct. 2321, 2326 (2012)).

[14] Even if this case had presented an *Alleyne* issue, *Alleyne* would not apply because "this District has concluded, subject to review by the First Circuit, that *Alleyne* is not retroactive."  *United States v. Whalen*, 2014 WL 1584206, at *5 n.2, 2014 U.S. Dist. Lexis 54788, at *14-15 n.2 (D. Me. Apr. 21, 2014) (collecting cases).  *Alleyne* was decided in 2013, whereas Jones's appeal was finally decided in 2012, when the Supreme Court denied certiorari.

[15] Petitioner's supplemental memorandum does not address his claim of perjured testimony.

*See David*, 134 F.3d at 478 ("To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings.").

### 3. Claim of Ineffective Assistance of Trial Counsel (Grounds Three through Thirteen)

#### a. Failure to obtain Petitioner's presence for a chambers conference (Ground Three)

Petitioner argues that counsel was ineffective for failing to "notify, confer with or request the presence of defendant" in a chambers conference that occurred during jury deliberations. (Motion at 10; Attachment, ECF No. 136-2; Reply at 8.) Petitioner focuses on the discussion regarding the jury's request for a calendar. (Reply at 8.)[16] He argues that "with the inclusion of [Petitioner's] input, counsel would have objected to the introduction of the calendars," and this objection would have altered the outcome of the trial. (*Id.* at 9.) The First Circuit addressed this issue in Petitioner's appeal. The Court determined that because "the question of what materials a jury may consult" is a legal issue, Petitioner's presence was not required. *Jones*, 674 F.3d at 94.[17] Because Petitioner's underlying argument was decided against him by the First Circuit, his related claim of ineffective assistance of counsel also fails. *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) ("Since [the petitioner's] claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail."); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quoting *Dirring v. United States*, 370

---

[16] The jury note stated in relevant part, "can we also get a calendar showing the days of the week for 2006-2008?" (Trial Tr., ECF No. 117 at 60.)

[17] Fed. R. Crim. P. 43(b)(3) provides that the defendant need not be present when "[t]he proceeding involves only a conference or hearing on a question of law."

F.2d 862, 864 (1st Cir. 1967)) (noting that "'[i]ssues disposed of [on] a prior appeal will not be reviewed again by way of [a 28 U.S.C. § 2255] motion'").

### b. Failure to offer all defense exhibits in evidence (Grounds Four and Ten)

Petitioner's Ground Four and Ground Ten both are based on the reports of interviews and transcripts of grand jury testimony that defense counsel used in cross-examination; Petitioner claims ineffective assistance of counsel for inadequate cross-examination and for counsel's failure to offer all defense exhibits in evidence. (Motion at 11, 16; Attachments, ECF Nos. 136-3, 136-9; Reply at 9-10.)[18] Petitioner argues that the introduction of all of the exhibits was important to impeach the Government's witnesses, particularly because the Government's case, in the absence of any drugs seized, was dependent on the credibility of the Government's witnesses. (Attachment, ECF No. 136-3 at 1; Reply at 10.) Petitioner contends that the designation of each of the exhibits as a "Defense Exhibit" reflects that counsel intended to offer all defense exhibits into evidence. (Reply at 9-10.) In Ground Ten, Petitioner argues that counsel was ineffective for failing adequately to impeach government witnesses with grand jury testimony and the witnesses' proffers. (Motion at 16; Attachment, ECF No. 136-9; Reply at 10.)

Counsel's performance was not deficient, nor was Petitioner prejudiced by counsel's performance. Counsel cross-examined every cooperating witness at trial about his or her cooperation and, for those who testified before the grand jury, counsel cross-examined them about that testimony. (Trial Tr., ECF No. 115 at 72-73, 147; Trial Tr., ECF No. 116 at 12-13, 115-16,

---

[18] The following defense exhibits were admitted: No. 15, the cooperation agreement of a trial witness (Trial Tr., ECF No. 116 at 187); No. 17, a series of two telephone recordings between a trial witness and another person (Trial Tr., ECF No. 117 at 40); No. 20, a business registration (Trial Tr., ECF No. 107 at 7); and No. 21, a tax return (Trial Tr., ECF No. 107 at 104). Of the defense exhibits that were not offered or admitted in evidence, there were several reports of interviews with witnesses and several transcripts of grand jury testimony. (Trial Tr., ECF No. 115 at 103, Trial Tr., ECF No. 116 at 10, 20, 23, 24, 46-47, 55, 56, 104, 131; Trial Tr., ECF No. 117 at 33-34, 37, 43-44, 48, 52.) Petitioner acknowledges that counsel used the unoffered exhibits in cross-examination. (Attachment, ECF No. 136-3 at 1.)

126-27, 184-85, 193-98.)  Contrary to Petitioner's contention, the fact that the exhibits were marked "Defense Exhibit," does not establish that counsel definitively intended to offer each exhibit in evidence.  Local Rule 123(f)(1), concerning courtroom practice, requires that all exhibits "be marked for identification prior to trial in accordance with the final pretrial order."  Petitioner has not alleged any facts that would overcome the presumption that counsel's decision not to offer all of the exhibits in evidence was anything other than sound trial strategy.  *See Strickland*, 466 U.S. at 688-89; *Bucci*, 662 F.3d at 30.

### c. Failure to file motion for new trial (Ground Five)

Petitioner contends that counsel was ineffective for failing to move for a new trial, pursuant to Fed. R. Crim. P. 33.  (Motion at 11.)  Petitioner concedes that the request could not have been based on newly discovered evidence, pursuant to Rule 33(b)(1); rather, he argues that it would have been based on some other reason, pursuant to Rule 33(b)(2).[19]  (Reply at 11.)  Petitioner asserts that "[t]he possibility of juror bias or a renewal of the insufficiency of evidence claim," or any one of a number of other reasons, "would have sufficed."  (Reply at 11.)  He maintains that by filing a motion to enlarge the time to file a motion for a new trial (ECF No. 96), counsel demonstrated his intent to move for a new trial.  (Attachment, ECF No. 136-4 at 2.)  Petitioner argues essentially that by failing to file the motion for a new trial, counsel caused the claims that would have been brought in that motion to be procedurally defaulted.  (Reply at 11.)

Petitioner's argument is without merit.  The First Circuit addressed both of Petitioner's alleged bases for a new trial.  The Court noted that the trial court held a conference regarding the

---

[19] Rule 33(b)(2) states: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

juror who contacted the police after the jury verdict, and determined that the trial court did not abuse its discretion when it declined to order a further hearing. *Jones* at 94-95. In addition, counsel challenged the sufficiency of the evidence on appeal, and the First Circuit held that "the jury had a rational basis for its guilty verdict." *Id.* at 91-92. Because the claims of juror bias and insufficient evidence would not have resulted in a new trial, Petitioner's claim that counsel was ineffective because he did not file a motion for a new trial based on these issues fails. *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

> **d. Failure to move for admission of Petitioner's mother's commercial driver's license**
> **(Ground Six)**

Petitioner contends that counsel was ineffective for failing to move for the admission of the commercial driver's license of Petitioner's mother. (Motion at 12-13.) Petitioner testified at trial that his mother had a commercial driver's license and that she had been employed and helped Petitioner financially. (Trial Tr. Excerpt, ECF No. 107 at 19-20.) He contends that his mother's commercial license would have corroborated his testimony that she provided him with a legitimate means of financial support and thus would have undermined the Government's assertion that he had a lavish lifestyle with no visible means of support. (Reply at 12-13.)

Even assuming that the commercial license was relevant under Fed. R. Evid. 401, and not otherwise inadmissible as confusing or a waste of time under Fed. R. Evid. 403, the evidence had marginal value at best. In other words, the record simply does not support Petitioner's contention that introduction of the evidence would have produced a different result. Petitioner thus cannot prove deficient performance or prejudice. *See Strickland*, 466 U.S. at 689, 693-94.

### e. Failure to obtain witness testimony and records
### (Ground Seven)

Petitioner argues that his counsel was ineffective because he failed to obtain the testimony of potential witnesses, failed to obtain employment information regarding one of the witnesses, and failed to obtain school records for the daughters of one of the witnesses. He contends that the evidence would have corroborated his testimony that he had legitimate reasons for his travel between Georgia and Maine and for having a large amount of cash on his person during his traffic stop in 2006. (Motion, at 13-14; Attachment, ECF No. 136-6 at 1-2.)[20] Petitioner also alleges ineffective assistance because counsel did not seek the introduction of the following documents: an Amtrak train schedule, Amtrak pricing information, and AirTran pricing information. (Motion at 14.) He maintains that the travel and price information would have supported his testimony as to why he started traveling by air, rather than by bus or train, on his trips south from Maine to Georgia. (Attachment, ECF No. 136-6 at 2-3; Trial Tr., ECF No. 107 at 46-48.)

Petitioner has not produced any reliable evidence, or a persuasive argument to suggest that the testimony of any of the witnesses would have caused a different outcome. Indeed, on this record, one cannot conclude that the witnesses' testimony or the evidence would have been inconsistent with the government witnesses' testimony that Petitioner made the trips between Georgia and Maine to buy and sell drugs. Furthermore, the school and employment records of a witness and her daughters were evidence of a collateral issue, and thus may have been excluded under Fed. R. Evid. 403. *See United States v. Foley*, 871 F.2d 235, 238 (1st Cir. 1989) (recognizing

---

[20] The Government asserts that Petitioner failed to supply one of the affidavits he discussed in his section 2255 motion, and that as to the affidavit that he subsequently filed (Affidavit, ECF No. 149-2), the affiant's name was different from the name that Petitioner had provided, and the affidavit was not signed under oath. (Response, ECF No. 151 at 20.) This recommended decision assumes that Petitioner could produce proper affidavits as alleged and instead focuses on the merits of Petitioner's claim.

that a trial court has the discretion under Rule 403 to exclude evidence of collateral issues). Petitioner thus has not shown that counsel was ineffective for failing to seek the introduction of this evidence at the trial, nor has Petitioner shown a reasonable probability that the outcome would have been different if counsel had offered it. *Strickland*, 466 U.S. at 689, 693-94.[21]

### f. Failure to offer recorded phone calls (Ground Eight)

Petitioner argues that counsel was ineffective for failing to offer a series of recorded phone calls between government witnesses and Petitioner. (Motion at 15.) Petitioner focuses on one call in particular, arguing that it was exculpatory. (Motion at 15; Attachment, ECF No. 136-7 at 2; Reply at 15-16.) He asserts that the recordings would have supported his assertion "that though he may have had knowledge of the existence of [the] conspiracy, he was in no way involved with [the] charged conspiracy." (Attachment, ECF No. 136-7 at 2.) He also argued that the "mundane nature" of the recordings "could . . . have been used to humanize Petitioner in the eyes of the jury" and that the government witness did not incriminate Petitioner. (*Id.* at 3.)

Counsel did not play the recorded calls, but on cross-examination of the Government's witness, he elicited that the calls were largely innocent. (Trial Tr., ECF No. 116 at 116-17.) Insofar as counsel demonstrated the innocuous nature of the recordings, counsel was not deficient for having failed to offer the actual recordings, nor was Petitioner prejudiced by the fact that the recordings were not introduced into evidence. *See Strickland*, 466 U.S. at 689, 693-94.

---

[21] The Government also argues that counsel was not deficient for failing to obtain the testimony of one of Petitioner's potential witnesses at the suppression hearing. (Response at 21-22.) Petitioner states in his reply that this claim does not relate to the suppression hearing, but rather to counsel's conduct at the trial. (Reply at 14-15.)

### g.  **Failure to move to exclude recorded phone calls (Ground Nine)**

Petitioner argues that counsel provided ineffective assistance because he delayed, until moments before the start of the trial, asserting a motion to exclude as irrelevant or unduly prejudicial a recorded phone call in which Petitioner "directed one of his co-conspirators . . . to find out who was cooperating and to 'go guns their ass out." *Jones*, 674 F.3d at 90-91.  (Motion at 15; Attachment, ECF No. 136-8.)  Counsel argued that either the tape or the comment was inaudible when he first listened to it, and that the evidence was not relevant or was unfairly prejudicial.  Specifically, counsel argued:

> It's a joke, it doesn't sound exactly like a joke on the tape.  In fact, when I listened to this tape recording earlier on in the case I couldn't hear any of the words.  So I don't know what's been done to enhance this tape in the meantime, if anything, but you still can barely hear it, but he says 'kill everybody that I know in Maine and guns their ass', basically.  And this is – he's saying this to a guy who has no – basically no criminal record, who doesn't have any violence.  It's not a serious comment.  But it's hugely prejudicial and under 403 I would – and 401 as relevance and 403 as excessively prejudicial I would move to exclude it.

(Trial Tr., ECF No. 115 at 3-4.)

The Court first noted that it was late for a motion *in limine* challenging a tape recording, but the Court subsequently considered and ruled on the merit of the motion.  (*Id.* at 4-5.)   After reviewing a transcript of the recording, the Court concluded that it was relevant and not unfairly prejudicial, but that defense counsel could request a cautionary instruction.  (*Id.* at 6-7.)  Counsel renewed his objection when the Government was examining the witness; the Court overruled the objection, admitted the recording, and gave the jury the cautionary instruction that the transcript was to assist them in listening to the recording, but that the transcript was not evidence.  (Trial Tr., ECF No. 115 at 230-34.)

Petitioner contends that if counsel had obtained an audible copy and filed the motion earlier, the Court would have had time to listen to the recording and, upon hearing Petitioner's tone of voice, the Court would have concluded that Petitioner was joking and thus excluded the recording as it could not be considered evidence of a conspiracy. (Attachment, ECF No. 136-8 at 2-3; Reply at 16-19.)

Petitioner's argument lacks merit. First, regardless of when counsel raised the issue, the trial court ruled on the merits of the motion. The timing of the motion is thus immaterial. Furthermore, implicit, if not explicit, in the Court's ruling, is that whether Petitioner made the comment in jest was a fact to be decided by the jury. (Trial Tr., ECF No. 115 at 7.)

### h. Failure to investigate adequately (Ground Eleven)

Petitioner argues that counsel failed to investigate one of the Government's cooperating witnesses. According to Petitioner, the witness entered into a cooperation agreement regarding certain drug offenses, but subsequently violated the cooperation agreement by committing further drug offenses. (Motion at 17; Attachment, ECF No. 136-10; Reply at 20.) Petitioner also argues that counsel was ineffective because he did not move to exclude the witness's testimony. (Reply at 20.)

The record reflects that counsel questioned and impeached the witness regarding her drug dealing (Trial Tr., ECF No. 116 at 176); her cooperation beginning in March 2008, when she was on bail from a state charge of operating after suspension (*id.* at 178-81); her cooperation agreement, which was admitted in evidence (*id.* at 184-85, 187); and her continued drug dealing and drug use in violation of her cooperation agreement (*id.* at 191, 193-95). The fact that the witness violated her cooperation agreement does not mean that her testimony was inadmissible; rather, it means

only that this witness was potentially vulnerable to cross-examination. *See United States v. Gomes*, 177 F.3d 76, 81 (1st Cir. 1999) (noting that a witness who had violated his cooperation agreement was "vigorously cross-examined on the matter before the jury"). Petitioner's arguments regarding counsel's management of this witness thus cannot serve as the basis for a successful habeas petition.

### i. Failure to argue for a downward variance in the sentence (Ground Twelve)

Petitioner contends that his counsel was ineffective because he did not argue for a variance from the United States Sentencing Guidelines. (Motion at 18; Attachment, ECF No. 136-11; Reply at 21.) Petitioner cites to *Spears v. United States*, 555 U.S. 261 (2009), *Kimbrough v. United States*, 552 U.S. 85 (2007), and *United States v. Booker*, 543 U.S. 220 (2005), in support of his request for a reduction in the sentence.[22]

Simply stated, counsel's performance was not deficient and Petitioner cannot prove prejudice because Petitioner's mandatory life sentence was required by statute, pursuant to 21 U.S.C. § 841(b)(1)(A), and the trial court, therefore, did not have the authority to reduce the sentence below the statutory minimum. *See Jones*, 674 F.3d at 91, 95-96; *United States v. Ganun*, 547 F.3d 46, 47 (1st Cir. 2008) (per curiam) (holding that "the district court lacked authority to grant Ganun his requested sentencing reduction pursuant to [18 U.S.C. §3582(c)(2)] and the crack

---

[22] In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the United States Sentencing Guidelines must be interpreted as advisory rather than mandatory, in order to avoid a Sixth Amendment violation that would otherwise occur by the imposition of an enhanced sentence based upon a finding by the sentencing court, rather than a jury, of any fact other than a prior conviction. 543 U.S. at 226, 244-45. In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Court held that "the crack/powder disparity," by which "a drug trafficker dealing in crack cocaine is subject to the same sentence as one dealing in 100 times more powder cocaine," was advisory rather than mandatory, and "the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." 552 U.S. at 91. In *Spears v. United States*, 555 U.S. 261 (2009), the Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." 555 U.S. at 265-66.

cocaine amendment to the Sentencing Guidelines because he was serving a statutory mandatory minimum sentence"). "'Counsel is not required to waste the court's time with futile or frivolous motions.'" *United States v. Hart*, 933 F.2d 80, 83 (1st Cir. 1991) (quoting *United States v. Wright*, 573 F.2d 681, 684 (1st Cir. 1978)).

### j. Failure adequately to advise Petitioner on the plea offer (Ground Thirteen)

Petitioner alleges that although the Government's plea offer would have resulted in a recommended sentence of a maximum of 20 years, counsel incorrectly led Petitioner to believe that the recommendation would have been for a minimum of 20 years. (Motion at 19; Attachment, ECF No. 136-12.)[23] Petitioner alleges that at the time, the prospect of spending 20 years or more in prison was unacceptable to him: "The thought of pleading out to at least 20 years or more in federal prison was incomprehensible to Petitioner and therefore Petitioner insisted upon going to trial." (Attachment, ECF No. 136-12 at 2.) Petitioner now asserts that if he had known that the Guidelines sentencing range on a 20-year sentence might have been as low as 130-162 months, rather than a minimum of 240 months, he would have accepted the plea offer. (*Id.* at 2-3.) Petitioner argues that he therefore is entitled to relief pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376, 1384, 1389 (2012) (holding that there is a Sixth Amendment right to effective assistance during

---

[23] Petitioner alleges that the plea agreement would have provided that the Government would not have sought an enhancement based on his prior drug convictions and that Petitioner would have been sentenced to a maximum of 20 years in prison. (Motion at 19.) *See* 21 U.S.C. § 841(b)(1)(C) (providing a 20-year maximum term for a conviction involving no specified drug amount of the drugs at issue here and no prior felony drug offense). The Government argues, preliminarily, that the attorney's statements to Petitioner, advising him about a plea, are inadmissible hearsay, and therefore this claim is not based on admissible evidence as required for a section 2255 motion. However, depending on context and the purpose for which the statements are offered, the attorney's statements might not be hearsay. The statements could be offered to demonstrate the attorney's state of mind or belief at the time he made the statements. *See Best v. Rome*, 858 F. Supp. 271, 277-78 (D. Mass. 1994) (holding, in a legal malpractice action in which the court granted summary judgment, that an attorney's affidavit setting forth statements about his thought process prior to a grievance hearing did not contain hearsay because the affidavit was offered merely to establish the attorney's state of mind), *aff'd*, 47 F.3d 1156 (1st Cir. 1995) (per curiam). In any event, this recommended decision will consider the merit of Petitioner's argument.

the plea-bargaining process and that if the Petitioner rejects a plea due to deficient advice from counsel, and the Petitioner can demonstrate that the outcome would have been different absent the deficient advice, the petitioner may be entitled to resentencing, or the court may order that the Government reoffer the plea).

Petitioner has failed to make a case under *Lafler*. (Response at 26-27.)  First, under *Lafler*, a Petitioner must demonstrate that he would have accepted the plea but for the ineffective advice of counsel.  132 S. Ct. at 1385.  Here, Petitioner does not allege that he would have accepted a plea offer that resulted in 20 years; on the contrary, he states that he would have rejected a plea offer of either 20 years or anything over 20 years.  (Attachment, ECF No. 136-12 at 2.)  Second, to the extent that Petitioner asserts that the Court would have reduced his offense level for a mitigating role if he had accepted the plea offer, that assertion is unsupported.  (Attachment, ECF No. 136-12 at 2.)  *See Jones*, 674 F.3d at 96 ("The evidence presented at trial showed that [Petitioner] ran a significant distribution network involving a number of people over several years . . . .").[24] Although Petitioner alleges that if he had accepted the plea offer, he would have accepted responsibility for his own actions, there was still no certainty that the Court would have granted a three-point reduction in the offense level, pursuant to U.S.S.G. § 3E1.1.[25]  Competent counsel would have advised Petitioner that he could be sentenced to a term of 20 years if he accepted the plea offer.  Because Petitioner has failed to demonstrate that he would have accepted a plea offer

---

[24] Petitioner cited to United States Sentencing Guideline (U.S.S.G.) § 2D1.1(a)(3) in his argument but it appears that he may have meant to cite to U.S.S.G. § 2D1.1(a)(5), regarding a downward adjustment in the offense level for a mitigating role, and U.S.S.G. § 3E1.1, for acceptance of responsibility.  (Attachment, ECF No. 136-12 at 2.)

[25] Petitioner also alleges that he would not have cooperated with law enforcement as part of a plea agreement; rather, he alleges that he would have accepted the plea only without cooperation.  (Motion at 19; Reply at 23.)  Thus, he would not have been eligible for a reduction for "substantial assistance to authorities," pursuant to U.S.S.G. § 5K1.1.

that exposed him to a risk of a 20-year sentence, he has failed to demonstrate prejudice.  *See Lafler*, 132 S. Ct. at 1385.

### 4. Claim of Ineffective Assistance of Appellate Counsel
   ### (Grounds Fourteen through Sixteen)

#### a. Failure to include a complete statement of facts in brief on appeal
   #### (Ground Fourteen)

Petitioner argues that appellate counsel was ineffective because he omitted, in the brief on appeal, any mention of the fact that Petitioner was not present in the chambers conference in which the Court and counsel discussed the jury's request for calendars.  (Motion at 20; Attachment, ECF No. 136-13 at 2.)  Petitioner argues that when the Court stated, "If anyone objects, I won't send [the calendars to the jury]," but "[i]f no one objects, I'll send over these three, '06, '07, and '08," the Court converted the issue from a conference on a legal matter to one to be decided by the parties.  (Trial Tr., ECF No. 117 at 61.)  At that point, Petitioner argues, he had a right to be present at the conference.  (Attachment, ECF No. 136-13 at 3; Reply at 24-25.)

As explained above in connection with Ground Three, Petitioner is not entitled to relief.

#### b. Failure to make Fair Sentencing Act argument
   #### (Ground Fifteen)

Petitioner argues that he is entitled to relief because appellate counsel failed to argue that Petitioner should be resentenced due to an amendment to the Fair Sentencing Act of 2010, which amendment went into effect while the appeal was pending.  (Motion at 21; Attachment, ECF No. 136-14 at 1-3.)  On appeal, the First Circuit concluded that the Fair Sentencing Act of 2010 did not apply because the amendment went into effect after Petitioner's sentencing.  *See supra*, n.11*; Jones*, 674 F.3d at 96 n.3 (citing *United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011)).  A petitioner is not entitled to resentencing simply because a non-retroactive amendment to the

sentencing statute went into effect after sentencing but before the date of the final judgment on appeal. *See supra*, n.11*; Jones*, 674 F.3d at 96 n.3. Because Petitioner's underlying argument was decided against him on appeal, his related claim of ineffective assistance of counsel also fails. *See Tse*, 290 F.3d at 465; *Singleton*, 26 F.3d at 240.

### c. Appellate counsel's failure to raise issues as requested in Petitioner's letter to appellate counsel (Ground Sixteen)

Petitioner argues that his appellate counsel was ineffective because he raised only seven of the eighteen issues that Petitioner addressed in correspondence with appellate counsel. (Motion at 21-22; Attachments, ECF Nos. 136-15, 136-21.)[26]

Appellate counsel raised seven issues on appeal.[27] The arguments raised by Petitioner but not included in the appeal were: (1) the indictment was insufficient; (2) there was a speedy trial violation; (3) Petitioner did not consent to jury selection by the Magistrate Judge; (4) the jury was not racially diverse; (5) evidence of Petitioner's prior bad acts was improperly admitted; (6) the jury was not instructed on the meaning of conspiracy; (7) the Government failed to produce exculpatory or impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (8)

---

[26] Petitioner also mentions in Ground Sixteen some claims that are discussed elsewhere in this recommended decision. For simplicity, this recommended decision treats Ground Sixteen as focused primarily on the claims that Petitioner raised in his correspondence with appellate counsel. (Attachment, ECF No. 136-21.) Appellate counsel had written to Petitioner, inviting him to inform counsel of the issues Petitioner thought were important to raise on appeal. (*Id.* at 5.) Petitioner addressed a number of issues in his letter to counsel, but in his section 2255 motion he acknowledged that "several of these (18) issues were not appropriate" to argue on appeal. (*Id.* at 10-18; Attachment, ECF No. 136-15 at 1.) Counsel wrote back describing Petitioner's points as "valid" but subject to counsel's review of the record. (Attachment, ECF No. 136-21 at 9.)

[27] Counsel made the following arguments on appeal: (1) the evidence was insufficient to prove the charged conspiracy; (2) the Government made unfairly prejudicial remarks in its closing argument; (3) the jury instructions on reasonable doubt were ambiguous and did not mention the Government's heavy burden of proof; (4) Petitioner was wrongly excluded from a conference concerning a jury note during jury deliberations; (5) the Court erred in not conducting a hearing concerning post-verdict conduct of a juror; (6) the Government delayed in filing the information that set forth Petitioner's prior convictions, and the trial court erred in considering the prior convictions; and (7) the life sentence violates the Eighth Amendment. (Attachment, ECF No. 136-19.) *Jones*, 674 F.3d at 90-96.

the verdict form was not properly signed; (9) the verdict was based on false testimony in the presentence investigation report; (10) judicial bias or misconduct against Petitioner, based on the frequency with which the judge interrupted Petitioner when he was testifying; and (11) insufficient evidence at sentencing. (Attachments, ECF Nos. 136-15 at 2-5, 136-19, 136-21 at 10-19.)

The Supreme Court has held that a defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52; *Hart*, 933 F.2d at 83. As discussed below, none of the underlying arguments that Petitioner raised with appellate counsel has merit.

### i. Sufficiency of the indictment

Petitioner raised the issue of sufficiency of the indictment with appellate counsel. (Attachment, ECF No. 136-21 at 10.) Because trial counsel did not raise the issue, the appellate court would have reviewed it under the plain error standard. *See United States v. Vizcarrondo-Casanova*, 763 F.3d 89, 99-100 (1st Cir. 2014) (applying plain error review where a challenge to the indictment had not been brought at trial). "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). The indictment was more than sufficient under any standard of review. It sets forth all of the elements of the offense and closely tracks the language of the statutes to which it cites. *United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010) ("An indictment that tracks the language of the underlying statute generally

suffices to meet this standard; provided, however, that the excerpted statutory language sets out all of the elements of the offense without material uncertainty.").[28]

### ii.     Speedy trial

Petitioner requested that appellate counsel pursue an alleged speedy trial violation. (Attachment, ECF No. 136-21 at 11.)  The right to a speedy trial derives from the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment.  *United States v. Souza*, 749 F.3d 74, 79 (1st Cir. 2014).  "The [Speedy Trial Act] places time limits on two periods in criminal proceedings: the period between arrest and indictment, and the period between indictment and trial."  *Id.* "'[E]xclusions of time not *specifically challenged* in a motion to dismiss are deemed waived.'"  *Id.* at 81 (quoting *United States v. Gates*, 709 F.3d 58, 68 (1st Cir. 2013)).  Because Petitioner did not assert a motion to dismiss for a violation of his right to a speedy trial, Petitioner waived the issue in the District Court.  *See United States v. Rodriguez*, 311 F.3d 435, 437 (1st Cir. 2002) ("A party

---

[28] The indictment states in pertinent part that Petitioner "knowingly and intentionally conspired with other persons known and unknown to distribute and to possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, also known as crack cocaine, a mixture or substance containing cocaine, and a mixture or substance containing 3, 4 methylenedioxymethamphetamine (MDMA), also known as ecstasy, in violation of [21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2].

Title 21 U.S.C. § 846 states: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Title 21 U.S.C. § 841(a)(1) states: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . .  to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

Title 18 U.S.C. § 2 states:

(a)   Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b)   Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

waives a right when he intentionally relinquishes or abandons it.") Petitioner "does not have the benefit of 'plain error' review, since the [Speedy Trial Act] states that the statutory right is waived and there is no issue of constitutional dimension." *United States v. Spagnuolo*, 469 F.3d 39, 46 (1st Cir. 2006).

### iii.     Jury selection by a magistrate judge

Petitioner asked appellate counsel to argue that Petitioner did not consent to jury selection by the magistrate judge because a defendant must personally consent, and Petitioner did not. (Consent, ECF No. 68; Attachment, ECF No. 136-21 at 11.) Contrary to Petitioner's argument, the Supreme Court has held that the Constitution does not require that a defendant give "an explicit personal statement of consent before the magistrate judge can proceed with jury selection." *See Gonzalez v. United States*, 553 U.S. 242, 251 (2008). Rather, "an attorney, acting on the client's behalf, can make an informed decision to allow the magistrate judge to exercise the jurisdiction Congress permits." *Id.* at 253.

### iv.     Jury racial composition

Petitioner asserts that he asked appellate counsel to research whether he had a basis for appellate relief because his jury was all white; he acknowledged that this argument may be a "far stretch/long shot." (Attachment, ECF No. 136-21 at 11.) At trial, counsel objected that the jury was not of Petitioner's peers because it was an all-white jury, but counsel acknowledged that this was not an objection about the jury selection process, and that the jury's racial composition was due to the relative lack of people of color in Maine. (Trial Tr., ECF No. 119 at 25-26.)

The Supreme Court has held that "[t]he Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." *Berghuis v. Smith*, 559 U.S. 314, 319 (2010). To establish a prima facie violation,

the defendant must show "(1) a group qualifying as 'distinctive' (2) is not fairly and reasonably represented in jury venires, and (3) 'systematic exclusion' in the jury-selection process accounts for the underrepresentation." *Id.* at 327 (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). Although Petitioner asked counsel to explore the issue, Petitioner does not make a specific allegation that would support a claim of ineffective assistance of appellate counsel with respect to this issue. That is, Petitioner cites no evidence or legal authority upon which appellate counsel could have relied to support a successful appellate argument.

> **v.     Prior bad acts**

Petitioner requested that his appellate counsel argue that trial testimony about certain prior bad acts was irrelevant and unfairly prejudicial. (Attachments, ECF Nos. 136-15 at 4, 136-21 at 12.) Petitioner refers specifically to a witness who testified at trial that Petitioner had "just got out of prison" in 2005. (Reply at 30; Trial Tr., ECF No. 115 at 119.) Trial counsel did not object to the comment about Petitioner being in prison. (*Id.*) Thus, the issue would have been reviewed for plain error had it been raised on appeal. *See United States v. Etienne*, --- F.3d ---, ---, 2014 WL 5462541, at *4, 2014 U.S. App. Lexis 20699, at *10-11 (Oct. 29, 2014) ("We review unpreserved evidentiary challenges for plain error only."). The First Circuit has noted that it will "reverse only sparingly in the plain error context." 2014 WL 5462541, at *4, 2014 U.S. App. Lexis 20699, at *11. Petitioner has produced no evidence to suggest that raising the issue regarding the reference to his imprisonment would have resulted in a successful appeal.

> **vi.    Jury instruction on meaning of "conspiracy"**

Petitioner requested that appellate counsel consider whether the jury was instructed properly on the meaning of the term "conspiracy." (Attachment, ECF No. 136-21 at 14.) This issue is reviewed for plain error. *See United States v. Fermin*, --- F.3d ---, ---, 2014 WL 6090609,

at *7, 2014 U.S. App. Lexis 21627, at 17 (1st Cir. Nov. 14, 2014).  The Court gave the jury the following standard instruction:

> A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details.  But the Government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people or the fact they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

(Jury Instructions, ECF No. 120 at 11-12.)  *See D. Brock Hornby's 2010 Revisions to Pattern Crim. Jury Instructions for the District Courts of the First Circuit* § 4.18.371(1); 21 U.S.C. § 846.[29]

Given that the Court instructed the jury in accordance with the law, Petitioner's argument regarding the "conspiracy" instruction is unpersuasive.

### vii.    *Brady* claim

Petitioner asked appellate counsel to argue that the Government failed to produce exculpatory or impeachment evidence, in violation of *Brady.*  (Attachment, ECF No. 136-21 at 14-15.)[30]  Specifically, he alleges that the Government belatedly supplied information that a witness had violated her cooperation agreement, and the Government failed to provide recordings of phone

---

[29] Judge D. Brock Hornby's 2010 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit was updated in March 2010, just prior to Petitioner's April 2010 trial.  The pattern criminal jury instructions have since been revised, but the instruction at issue here was not changed.  *See United States Dist. Court, Dist. of Maine 2014 Revisions to Pattern Crim. Jury Instructions for the District Courts of the First Circuit.*

[30] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").  Discovery materials "are required to be disclosed to the defense when the government has in its possession evidence, including impeachment evidence, that is material to either guilt or punishment."  *United States v. Delgado-Marrero*, 744 F.3d 167, 196 n.30 (1st Cir. 2014) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Brady*, 373 U.S. at 87.  As the parties and the court discussed at a pretrial conference, neither *Giglio* nor the Jencks Act, 18 U.S.C. §3500, applies to a witness who testified in the grand jury hearing but who did not testify at trial; counsel's argument was that, pursuant to *Brady*, Petitioner was entitled to any statements, whether by proffer or grand jury testimony, of someone who was a grand jury witness but not a trial witness.  (ECF No. 123 at 5.)  The Court ordered the Government to monitor during the trial whether any statements would need to be turned over to Petitioner under *Brady* and, if so, to do so immediately.  (*Id.* at 7.)

calls between Petitioner and another witness. (*Id.*) As discussed above with respect to Ground Eleven of Petitioner's motion, defense counsel cross-examined the witness about the fact that she had violated her cooperation agreement. (Trial Tr., ECF No. 116 at 184-86, 193-94.) In addition, as explained in connection with Ground Eight of Petitioner's motion, although trial counsel did not play the recorded calls, he effectively cross-examined the witness to elicit that the calls were largely innocent. (Trial Tr., ECF No. 116 at 116-17.) The record, therefore, reflects that counsel was aware of the information at trial. Because the underlying issues were fully addressed at trial through cross-examination, appellate counsel was not deficient for failing to pursue the *Brady* issue on appeal, nor was Petitioner prejudiced by the failure to raise the issue.

viii.    **Verdict form**

Petitioner requested that appellate counsel argue that the verdict form was defective because, although the jury foreperson signed the verdict form with respect to the charge of conspiracy to possess and distribute cocaine base, the foreperson did not sign the form as to the charge of conspiracy to possess and distribute powder cocaine or ecstasy. (Attachment, ECF No. 136-21 at 17.) Petitioner's substantive argument is meritless. A review of the verdict form confirms that the jury clearly found the Defendant guilty of conspiracy to distribute and possess with intent to distribute cocaine base, cocaine and ecstasy. (Jury Verdict, ECF No. 91.)

ix.    **False information in presentence investigation report**

Petitioner asked appellate counsel to assert that the sentence was based on false information in the presentence investigation report. (Attachment, ECF Nos. 136-15 at 2, 136-21 at 17.) Regardless of the information in the report, as the First Circuit noted on Petitioner's appeal, the sentence of life imprisonment was required by statute, based on the drug quantity found by the

jury and Petitioner's prior felony drug convictions. *Jones*, 674 F.3d at 90, 95-96. Petitioner's argument thus fails.

### x. Judicial bias or misconduct

Petitioner requested that appellate counsel assert judicial bias or misconduct. (Attachment, ECF Nos. 136-15 at 2-3, 136-21 at 18.) Specifically, he alleges that the trial judge interrupted Petitioner while he was testifying and did not permit him to answer questions completely, and that "various others involved in [the] alleged conspiracy had already been in front of him before." (Attachment, ECF No. 136-21 at 18.) The First Circuit has held when the court's actions "reflect, on the whole, legitimate 'efforts to clarify testimony, expedite the trial, and maintain courtroom decorum,'" those actions "do not amount to a due process violation, either individually or collectively." *United States v. Rodríguez-Rivera*, 473 F.3d 21, 27 (1st Cir. 2007) (quoting *Logue v. Dore*, 103 F.3d 1040, 1045 (1st Cir. 1997)). The Court interrupted Petitioner several times in order to ask him to slow down or to return counsel to a question-and-answer format for the direct examination. (Trial Tr., ECF No. 107 at 10, 23, 25, 32, 34, 49, 63, 64, 66, 74.) The Court interrupted Petitioner when reasonably necessary to facilitate the trial; the interruptions are not evidence of partiality. *See Rodríguez-Rivera*, 473 F.3d at 27-28. To the extent that Petitioner has attempted to make any additional allegations regarding judicial bias or misconduct, those allegations may be dismissed as vague. *See David*, 134 F.3d at 478.

### xi. Insufficient evidence at sentencing

Petitioner requested that appellate counsel argue that the evidence at sentencing was insufficient with respect to enhancements for Petitioner's perjury, possession of a weapon, and for his leadership role. (Attachment, ECF No. 136-21 at 18.) In Petitioner's motion, he alleges that appellate counsel failed to raise the issue that the Court did not consider sentencing factors

pursuant to 18 U.S.C. § 3553(a). (Attachment, ECF No. 136-15 at 2.) The arguments lack merit. Although the trial court made certain sentencing guideline calculations (Sentencing Tr., ECF No. 118 at 13), the factors were not material to the sentence because Petitioner's life sentence was mandated by section 841(b)(1)(A), based upon the drug quantity and his prior convictions. (*Id.* at 14.) *See Jones*, 674 F.3d at 90, 95-96.

### 5. Additional Claims Not Raised by Appellate Counsel (Grounds Seventeen through Nineteen)

#### a. Disclosure of statements of grand jury witness who did not testify at trial (Ground Seventeen)

Petitioner contends that appellate counsel should have argued that the trial court abused its discretion by denying Petitioner access to all of the statements of a witness who testified before the grand jury but who did not testify at trial. (Motion at 22; Attachment, ECF No. 136-15 at 3.) He argues that the evidence would have enabled him to present a defense based on an alternate-suspect theory. Although he acknowledges that he did not raise the issue in his letter to appellate counsel, he argues that counsel nevertheless should have considered it. Despite having had access to the grand jury testimony and the opportunity to supplement his argument, Petitioner has not alleged any facts that would support an alternate suspect theory.[31] Petitioner's claim of ineffective assistance of appellate counsel therefore fails. *See David*, 134 F.3d at 478.

#### b. Admission of summary charts of Petitioner's travel records (Ground Eighteen)

Petitioner maintains that the trial court abused its discretion when it admitted demonstrative exhibits summarizing Petitioner's travel patterns, without any limiting instruction or other safeguard to prevent prejudice. (Motion at 23; Attachment, ECF No. 136-17 at 1.) Specifically,

---

[31] Petitioner's supplemental memorandum does not address this claim.

he argues, the exhibit did not include evidence in the phone records that he was in New York City and other places at various times. (Attachment, ECF No. 136-17 at 2-3.)

As a distinct stand-alone claim that the trial court abused its discretion, the claim raises a nonconstitutional issue that is procedurally defaulted because it was not raised on appeal. *See Damon*, 732 F.3d at 4. There are no exceptional circumstances that justify habeas relief with respect to this evidence; the police officer who created the summary testified that it was based on airline and phone records that were in evidence, and the trial court admitted the summary over counsel's objection. (Trial Tr., ECF No. 116 at 205-08.) *See Damon*, 732 F.3d at 4. The trial court has wide discretion to admit a summary chart. *See* Fed. R. Evid. 611(a); *United States v. DeSimone*, 488 F.3d 561, 576-77 (1st Cir. 2007). To the extent that Petitioner asserts this as a claim of ineffective assistance of appellate counsel, the argument fails because appellate counsel is not required to raise arguments that are unlikely to be successful on appeal. *See Jones*, 463 U.S. at 751-52; *Hart*, 933 F.2d at 83.

### c. Court interruptions of Petitioner's testimony (Ground Nineteen)

Petitioner reiterates the argument raised in and addressed in Ground Sixteen. Petitioner's contentions are without merit.

## 6. Cumulative Errors

Petitioner alleges prejudice based on the cumulative effect of the claimed errors. (Motion at 2.) As discussed above, none of his claims has merit. For that reason, there is no cumulative error argument available to him. *See United States v. Rodríguez*, 735 F.3d 1, 14 n.6 (1st Cir. 2013).

### III. CONCLUSION

Based on the foregoing analysis, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases, and the recommendation is that the Court (1) dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255 (ECF No. 136), and (2) deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).  It is also recommended that the Court dismiss as moot Petitioner's motion for discovery (ECF No. 163).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of December, 2014.