UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LEONARD JONES,                    )
                                  )
        Petitioner,                )
                                  )
    v.                            )   2:09-cr-00068-GZS
                                  )   2:13-cv-00370-GZS
                                  )
UNITED STATES OF AMERICA,          )
                                  )
        Respondent                 )

## RECOMMENDED DECISION ON RULE 60(b) MOTION

Petitioner Leonard Jones has filed a motion seeking to vacate, set aside or correct his sentence. (Motion, ECF No. 190.) Petitioner cites Fed. R. Civ. P. 60(b), but in substance he asks the Court to reopen his prior 28 U.S.C. § 2255 proceeding in this case and vacate his sentence because the Court did not address one of his arguments. (*Id.* at 2.) In essence, therefore, Petitioner seeks relief pursuant to 28 U.S.C. § 2255.

Upon review of Petitioner's motion, I conclude the motion is a second or successive section 2255 motion that is subject to the gatekeeping requirements of 28 U.S.C. §§ 2244 and 2255(h). I recommend the Court dismiss the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, without requiring the Government to respond

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Petitioner was convicted of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, cocaine, and methylenedioxymethamphetamine (ecstasy), 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. (Jury Verdict, ECF No. 91; Judgment, ECF No. 111 at 1.) He was sentenced to life in

prison and ten years of supervised release. (Judgment at 2-3.) The First Circuit affirmed the conviction and the sentence. *United States v. Jones*, 674 F.3d 88 (1st Cir. 2012).

Petitioner filed his first section 2255 motion on October 1, 2013. (Motion, ECF No. 136.) The Court denied relief. (Recommended Decision, ECF No. 172; Order Affirming, ECF No. 177.) The First Circuit denied Petitioner's request for a certificate of appealability. *Jones v. United States*, No. 15-1387 (1st Cir. Dec. 7, 2015).

In January 2017, Petitioner received an executive grant of clemency from then President Barack Obama. (ECF No. 189 at 3, 5.) In the grant of clemency, the President commuted "the total sentence of imprisonment" Petitioner was then serving "to a term of **360 months' imprisonment**, leaving intact and in effect . . . the term of supervised release imposed by the court with all its conditions and all other components" of the sentence. (*Id.* at 3) (emphasis in original.)

Petitioner filed the pending motion in October 2017.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2255 Proceedings provides in relevant part: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals no evidence to suggest that Petitioner has obtained from the First Circuit permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255. This Court, therefore, lacks jurisdiction to consider Petitioner's motion.[1]

First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[2] I can discern no prejudice to Petitioner's ability

---

[1]The fact that the sentence was commuted may raise additional issues of mootness and jurisdiction. *See United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017), *petition for cert. filed* (U.S. July 7, 2017) (No. 17-5255).

[2] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

to seek authorization to proceed on a second or successive section 2255 motion if the matter is dismissed rather than transferred. In addition, because Petitioner filed the motion in this Court without authorization from the First Circuit, the interests of justice militate against transfer in order for Petitioner to assess whether he wants to petition the First Circuit for permission to proceed and, if so, to present directly to the First Circuit the bases for his request. Dismissal is thus appropriate.

### III. CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Petitioner's motion. (ECF No. 190.) I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

First Circuit Rule 22.1(e) states in relevant part:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition.

4

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of November, 2017.